## Hartman v. The Columbia Malleable Castings Corporation

*Charles W. Eaby*, for plaintiff.
*William J. Blank*, for defendant.

WISSLER, J., January 30, 1948.—Plaintiff filed a complaint in assumpsit to recover the sum of $10.50 deducted by defendant from the. wages of plaintiff without his consent or approval. Defendant in its answer admits that the said sum was withheld from the gross wages due plaintiff, William Hartman, on June 14, 1947, but avers that it did so pursuant to a written notice and demand of J. Harry Price, tax collector of the School District of the Borough of Columbia, dated April 17, 1947, stating that plaintiff and Catherine E. Hartman, his wife, owed per capita tax for the year 1946 in the amount of $5 each, together with a penalty of five percent, totalling $10.50, which amount was to be deducted from the wages of plaintiff and paid to the said tax collector, pursuant to the provisions of the. Act of May 18, 1945, P. L. 687, and the Local Tax Collection Law of May 25, 1945, P. L. 1050.

Defendant further avers in its answer that by the provisions of said acts the approval or consent of plaintiff to such deductions is not necessary and that defendant, in compliance with said acts, paid the said sum of $10.50 to the tax collector of said school district. To this answer plaintiff filed a demurrer setting forth the following reasons: "1. No legal defense is set up in the answer. 2. The Act of May 18, 1945, P. L. 687, and the Act of May 25, 1945, P. L. 1050, are uncon-

stitutional in that said acts deprive plaintiff of property without due process of law. 3. Defendant never had a day in court and was deprived of his property without his knowledge or consent."

The acts of assembly under which the tax in question was imposed and collected, and the constitutionality of which is raised by the demurrer, are the Act of May 25, 1945, P. L. 1050, 72 PS §5511.1, section 20 of which provides as follows:

"The tax collector shall demand, receive and collect from all corporations, political subdivisions, associations, companies, firms or individuals, employing persons owing per capita, poll or occupational taxes, or having in possession unpaid commissions or earnings belonging to any person or persons owing per capita, poll or occupation taxes, upon the presentation of a written notice and demand containing the name of the taxable and the amount of tax due. Upon the presentation of such written notice and demand, it shall be the duty of any such corporation, political subdivision, association, company, firm or individual to deduct from the wages, commissions or earnings of such individual employes, then owing or that shall within sixty days thereafter become due, or from any unpaid commissions or earnings of any such taxable in its or his possession, or that shall within sixty days thereafter come into its or his possession, a sum sufficient to pay the respective amount of the per capita, poll or occupation taxes, and costs, shown upon the written notice or demand, and to pay the same to the tax collector of the taxing district in which such delinquent tax was levied within sixty days after such notice shall have been given . . ."; and the Act of May 18, 1945, P. L. 687, 24 PS §631, being an amendment of section 542 of the School Code of May 18, 1911, P. L. 309, which provides as follows:

"Each resident or inhabitant, over twenty-one years of age, in every school district of the second, third, and

fourth classes in this Commonwealth, which shall levy such tax, shall annually pay, for the use of the school district in which he or she is a resident or inhabitant, a per capita tax of not less than one dollar nor more than five dollars, as may be assessed by the local school district. *Every husband against whose wife a per capita tax is levied shall be liable for the payment of such tax. Collection thereof from such husband may be made and enforced in the manner provided by law for the collection and enforcement of payment of other taxes owing by such husband, including the collection thereof from the husband's employer."*

Both of these acts being taxing statutes, in order to determine their validity, resort should be had to our State Constitution to ascertain whether there is any specific authority given to levy such taxes and the collection of same, or any limitation against it. Section 1 of article IX of the Constitution provides: "All taxes shall be uniform, upon the same class of subjects, within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws. . . ." But, as was stated in Commonwealth v. Perkins, 342 Pa. 529, 531 (1941):

"There is nowhere in the Pennsylvania Constitution any specific authority given to levy taxes nor any limitation imposed as to the purposes for which taxes may be levied. The taxing power is vested absolutely in the legislature as an attribute of sovereignty with no other limitation upon its exercise than the Constitutions, State and Federal, and the laws of the United States, and the power to tax, is bounded only by the necessity of the State and the will of the people." It is, of course, axiomatic that all taxes shall be levied and collected for public purposes only.

While it seems that the exact question raised by the demurrer has not been before our courts, similar methods of collection of taxes imposed by the legislature have been passed upon by both our appellate courts and the United States Supreme Court. In Commonwealth

v. Delaware Div. Canal Co., 123 Pa. 594 (1889), it was held that a State tax on corporate loans to be deducted by the treasurer of the corporation as agent for the Commonwealth from the interest due the holder of its obligations is constitutional, the court saying, at page 620:

"Absolute equality is of course unattainable; a mere approximative equality is all that can reasonably be expected. A mere diversity in the methods of assessment and collection, however, if these methods are provided by general laws, violates no rule of right, if when these methods are applied the results are practically uniform."

Acts of the legislature will not be condemned merely because some inequalities are brought about: Fox's Appeal, 112 Pa. 337 (1886); Turco Paint & Varnish Company v. Kalodner et al., 320 Pa. 421 (1936). Likewise in Bell's Gap Railroad Co. v. Pennsylvania, 134 U. S. 232 (1890), affirming the judgment of the Supreme Court of Pennsylvania, it was held that the fourteenth amendment of the United States Constitution was not intended to compel the States to adopt an iron rule of equal taxation.

Plaintiff's argument that the tax is a violation of amendment V of the Federal Constitution, namely, "No person shall . . . be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation;" and of article I, sec. 9 of the Pennsylvania Constitution, namely, ". . . nor can he be deprived of his life, liberty or property, unless by the judgment of his peers or the law of the land;" is without foundation: (1) Because even if it could be construed as the taking of property, it would be for a public use; and (2) taxation does not fall within the power of eminent domain. The assessment of a per capita tax for school purposes does not fall within the power of eminent domain, for the latter acts only by a direct taking of

the property for a public use, and by way of compensation for the taking, in accordance with the Constitution and its provisions. The power of taxation and eminent domain have always been clearly distinguished. The power to tax has no thought of compensation by way of a return for that which it takes and applies to the public good: Washington Avenue, 69 Pa. 352 (1871). Likewise, that portion of article I, sec. 10 of the Pennsylvania Constitution. ". . . nor shall private property be taken or applied to public use, without authority of law and without just compensation being first made or secured," has been held as a limitation not on the taxing power but on the right of eminent domain: Sharpless et al. v. Mayor of Philadelphia, 21 Pa. 147 (1853).

It should also be borne in mind that the matter we are asked to pass upon is that of a delinquent taxpayer, and not one who has objected to the levying of the tax in the first instance. The intent of the legislature in the two statutes in question undoubtedly was to provide a method for the effective collection of delinquent per capita taxes in certain cases. To construe the acts as contended for by plaintiff would not only violate article IX, sec. 1, of our State Constitution and deprive the tax of uniformity in the matter of its collection under general laws, but also violate the rules of construction, namely, that neither an intention to effect a result that is absurd, impossible of execution or unreasonable, nor an intention to violate the Constitution of the United States or of this Commonwealth, is to be imputed to the legislature: Statutory Construction Act of May 28, 1937, P. L. 1019, art. IV, sec. 52 (1) and (3), 46 PS §552 (1) and (3), cited with approval in Homestead Borough v. Defense Plant Corporation et al., 356 Pa. 500 (1947).

And now, January 30, 1948, the demurrer is overruled, with leave to plaintiff to plead over within 15 days.